IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KENNETH LANGSTON, )
)
Plaintiff, )
)
v. ) Case No. CIV-08-376-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Kenneth Langston (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 28, 1960 and was 46 years old at the time of the ALJ's decision. Claimant completed his education through the twelfth grade. Claimant has worked in the past as a fabricator. Claimant alleges an inability to work beginning May

29, 2001 due to degenerative disc disease, with associative pain, and depression.

## Procedural History

On November 7, 2002, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 27, 2004, the Administrative Law Judge ("ALJ") rendered a decision, finding Claimant was not disabled. Claimant requested a review of the decision by the Appeals Council, who reversed the decision and remanded the case for further proceedings. On May 13, 2006, the ALJ assigned to the case issued another decision, denying Claimant's disability claim. On July 17, 2006, the Appeals Council once again reversed the ALJ and remanded the case.

On February 8, 2007, a hearing was held before ALJ Michael Kirkpatrick in Paris, Texas. By decision dated April 26, 2007, the ALJ found that Claimant was not disabled during the relevant time period. On September 25, 2007, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe and Claimant could not perform his past relevant work, Claimant did not meet a listing and retained the residual functional capacity to perform a significant level of sedentary work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to consider the changes in Claimant's condition over the relevant period of alleged disability; and (2) failing to discuss the medical evidence demonstrating he had arthritis in his hip and further failed to obtain current x-rays in light of the testimony of the consultative examiner.

## Consideration of Evidence of a Change in Claimant's Condition

Claimant asserts the ALJ failed to perform multiple analyses of his hand impairments from the alleged onset date of the condition in 2003 through his surgery and recovery in 2005, when a consultative examiner determined Claimant no longer suffered limitations in his hands. With regard to Claimant's alleged hand impairments, Claimant first reported pain and edema in his right hand on August 21, 2003. X-rays revealed an old fracture of his

second metacarpal. His hand was placed in a metal splint. (Tr. 238).

On October 16, 2003, Claimant again reported he was suffering from pain and swelling in both hands. (Tr. 226-229). On November 12, 2003, Claimant saw Dr. Steve Smith, an orthopedist. (Tr. 218-20). Dr. Smith found Claimant suffered from carpal tunnel syndrome and performed release surgery on Claimant's left hand on April 2, 2004. (Tr. 266-70). On July 23, 2004, Claimant underwent the same procedure on his right hand. (Tr. 249-53).

Claimant returned to Dr. Smith on November 3, 2004. He was found to have developed trigger finger in the right thumb and ring and middle finger of the right hand. (Tr. 359). Dr. Smith performed trigger finger release surgery on Claimant on January 21, 2005. (Tr. 357-58).

On September 27, 2006, Claimant was evaluated by Dr. Steven Rowlan. Dr. Rowlan found Claimant had a full range of motion with normal finger flexion on both hands. (Tr. 388). He also found Claimant could effectively oppose the thumb to the finger tips, could manipulate small objects, and could effectively grasp tools. Id. He also found no limitations on Claimant's ability to reach in all directions, handle, finger, or feel. (Tr. 392).

In his decision, the ALJ found recognized Claimant's numbness

in his hands experienced in April of 2003. (Tr. 24). The ALJ also acknowledged the extent of Claimant's treatment for carpal tunnel and trigger finger. (Tr. 25). He also, however, adopted Dr. Rowlan's opinions regarding the effect of these conditions upon Claimant's manipulative functions for the entire period from Claimant's alleged onset date through the date of the opinion. Claimant's manipulative disability and its effect upon Claimant's functioning clearly extended for more than 12 months, from 2003 through 2006. The ALJ cannot apply the findings of a consultative examiner to the entire period when the examiner's report does not state that Claimant's recognized manipulative problems did not present a functional limitation for the entire period. On remand, the ALJ shall consider whether Claimant's manipulative impairments existed for a closed period and their effect upon Claimant's RFC. He should also consider whether a further consultative opinion is necessary for this determination.

### Claimant's Hip Problems

Claimant also contends the ALJ failed to discuss his mild to moderate arthritis in his hip, including the possibility that further x-ray testing was necessary in light of the consultative examiner's opinions. On May 31, 2001, Claimant suffered an injury to his back, experiencing severe pain radiating down his left leg.

(Tr. 160). X-rays revealed mild to moderate hip degeneration. (Tr. 152).

Claimant underwent a consultative examination on January 25, 2003 with Dr. Ravinder R. Kurella. Among his findings, Dr. Kurella determined Claimant had full range of motion of his hip except abduction, which was restricted at 25 degrees on both left and right sides. (Tr. 171).

On August 4, 2004, Claimant's x-rays were evaluated by radiologist, Dr. Thomas L. Harrison. Dr. Harrison concluded Claimant suffered from mild to moderate degenerative disc disease at L5-S1. (Tr. 274).

On September 27, 2006, Claimant was evaluated by Dr. Rowlan in a consultative examination. He noted Claimant did not fully extend his left hip. He also found Claimant experienced pain with rotation of the hip. Dr. Rowlan stated Claimant did not have current x-rays but that based upon the old studies, Claimant suffered from degenerative lumbar disc disease particularly at L5-S1 as well as degenerative arthritis of the hips with the left being more symptomatic than the right. He found that current x-rays "may show a much more severe disease than what we have previously seen, at least based on clinical exam." (Tr. 384-85).

The ALJ acknowledged Claimant's testimony that he had constant

pain in his left hip and had to sit on his right buttock. (Tr. 23). He also noted Dr. Rowlan's findings of degenerative arthritis in the hip. (Tr. 25). The ALJ, however, failed to consider the x-rays demonstrating mild to moderate arthritis in the hips or Dr. Rowlan's finding that more current x-rays were needed for a full evaluation of the severity of Claimant's condition. The ALJ is responsible for ensuring that an adequate record is developed consistent with the issues raised. Grogan v. Barnhart, 399 F.3d 1257, 1264 (10th Cir. 2005). When the consultative examiner recognizes the need for further, more current medical evidence, the ALJ should have obtained that testing in order to adequately evaluate the condition he recognized to exist. On remand, the ALJ shall consider Claimant's hip condition further and order additional up-to-date testing.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service

of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 1st day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE